IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-18-01312-001-PHX-NVW |
| Plaintiff, | **JURY QUESTIONS** |
| v. | |
| Miguel Manuel Bandin, | |
| Defendant. | |

4/24/19

## Question

During testimony on Tuesday afternoon we heard the audio of the interview of the defendant by the detectives. During this interview the detectives simulated what happened from the time the defendant got out of the truck with the gun until he shot the victim. The defendant confirmed this simulation was accurate.

Would it be possible to have this same simulation performed in the courtroom so the jury could better visualize the interactions/movements between the victim and defendant?

Case Number:

Caption:

Date: 4/25/19

JURY QUESTION

Can we please have further clarification on page 3 lines 10 & 11, [on the final jury instructions] Specifically does malice aforethought mean to kill deliberatly and intentionally; or recklessly with extreme disregard for human life?

14  1
3
7

Malice aforethought means to kill either (1) deliberately and intentionally or (2) recklessly with extreme disregard for human life.

Neil V Wake
4-25-19

Case Number:

Caption:

Date: 4/25/19

JURY QUESTION

What's the definition of voluntary manslaughter?

Voluntary manslaughter is not relevant to this case. The Government charged the Defendant with Second Degree murder. If the Defendant is not guilty of Second Degree murder, you must find the Defendant not guilty.

13
3
1

Neil V Wake
4-25-19

Case Number:

Caption:

Date: 4/25/19

JURY QUESTION

Can you please clarify the Judges statement in regards to the defendants requirement to flee?

A person may use deadly force in self-defense only if it is reasonable to do so in all the circumstances of the situation. Whether a defendant could or could not have fled the scene is one circumstance for you to consider in deciding whether the use of deadly force was necessary to prevent serious bodily injury or death.

Neil V Wake
4-25-19